## **AFFIDAVIT**

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), United States Department of Justice and have been so employed since January 2016. Prior to becoming a Special Agent with ATF, I was a paralegal with the United States Attorney's Office for the District of Maryland from August 2005 through January 2016.  I completed the Criminal Investigator Training Program in Glynco, Georgia and the ATF Special Agent Basic Training at the Federal Law Enforcement Training Center in Glynco, Georgia.  I earned a Juris Doctorate and a Master of Science degree in Negotiations and Conflict Management from the University of Baltimore.  Additionally, I have a Bachelor of Arts degree in Philosophy and Psychology from Notre Dame of Maryland University. I have received firearms, arson, and explosives related training, and I have utilized a variety of investigative techniques and resources, including physical and electronic surveillance and various types of cooperating sources, in order to successfully conduct these investigations.  Further, I have received periodic training in the fields of firearms, narcotics, arson, and explosives investigation.

2.       As an ATF Special Agent, I conduct investigations involving violations of Federal firearms and narcotics laws.  During my service with ATF, I have conducted criminal investigations involving the illegal possession of firearms and narcotics.  Often such investigations utilize undercover agents and/or confidential informants.  As a federal agent, I am authorized to investigate violations of United States laws and to execute search warrants and arrest warrants issued under the authority of the United States.

3.      Because this Affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each fact known to me concerning this investigation.  Instead, I

1

have set forth only the facts that I believe are necessary to establish the necessary foundation for the requested complaint.

## **PROBABLE CAUSE**

4.      On or about October 24, 2022, Trooper Soeder of the Ohio State Highway Patrol ("OSP") conducted a traffic stop in Portage County, Ohio, on a vehicle driven by Jamal A. NASH, Sr. for an illegal U-turn.  Prior to the stop, NASH repeatedly looked at the trooper's marked unit and leaned forward several times in what the trooper believed was an attempt to conceal something. NASH was the only occupant of the vehicle.  The traffic stop occurred in the Northern District of Ohio, Eastern Division.

5.      Trooper Soeder asked NASH for his license, registration, and insurance information. NASH was unable to provide any of the requested documents. NASH passed a field sobriety test, but after providing his social security number, OSP Dispatch learned NASH's license was suspended, and he was wanted on two misdemeanor arrest warrants.  As Trooper Soeder spoke to NASH about the warrants, the trooper smelled marijuana emitting from the vehicle.  NASH was asked if a K9 would alert to his vehicle and NASH said he had smoked marijuana and there was some in the vehicle.

6.      Trooper Soeder requested to pat NASH down and NASH consented.  NASH was then placed in the rear of the marked OSP patrol unit before a probable cause search was conducted on the vehicle.  NASH was not in handcuffs and was permitted to have his cellphone.  When placed in the vehicle, NASH asked if he could have someone pick up the vehicle.  Trooper Soeder explained that someone could pick up the vehicle, but it had to be searched first.  NASH then told Trooper Soeder that he would then be getting charged.

7.      Upon searching the car, the trooper found a suspected marijuana cigarette on the front passenger seat and a loaded Taurus, model G2C, 9mm pistol, bearing serial number TMT58425 under the front passenger seat.  The firearm was positioned as if someone in the driver's seat placed the firearm under the passenger seat.

8.      Upon finding the loaded firearm, NASH was advised of his constitutional rights and told Trooper Soeder that he was unaware of a firearm being in the vehicle.

9.      I reviewed the audio/video recording from the marked OSP marked unit revealed NASH called an unknown individual and said "they found the gun dude…did you hear me?  They found the gun.  I'm about to go to jail dude."  In a second call, NASH told the person "I'm in trouble dude, I'm about to go to jail.  I'm in trouble man…I'm in big trouble man."  At this point NASH got angry and threw his cellphone down.  In a third phone call to his mother, NASH said "I'm about to go to jail.  They found the gun in my car."

10.      I consulted with an interstate nexus expert with the ATF who opined that the firearm and ammunition recovered from NASH's vehicle on October 24, 2022, was not manufactured or originally assembled in the state of Ohio, and had therefore traveled in and affected interstate and/or foreign commerce.

11.      NASH is prohibited from possessing firearms and ammunition based on the following felony conviction punishable by imprisonment for more than one year:

        a.  Possession of Heroin (F2), on or about June 1, 2015, in case number 2014 CR 596, in the Portage County, Ohio, Court of Common Pleas.

        b.  NASH was present for his sentencing and therefore knew had a prior felony conviction.

## CONCLUSION

12.     Based upon the above listed facts and circumstances, there is probable cause to believe that

on October 24, 2022, Jamal A. NASH, Sr., violated Title 18, United States Code 922(g)(1), that is

Felon in Possession of a Firearm and Ammunition.

_____
Elizabeth Gardner, Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives


Sworn to via telephone after submission by reliable electronic means.  Fed. R. Crim. P. 4.1 and
41(d)(3) this 27th day of October, 2022.


_____
HONORABLE CARMEN E. HENDERSON
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION